**AKEIMO of Nuuuli, Plaintiff**

v.

**MULU of Nuuuli, Defendant**

## No. 6-1939

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai name: "Taufetee"]

## April 22, 1940

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

Hearing was had on April 11, 1940.

Counsel for Mulu: Aumavae and Lesio. Counsel for Akeimo: Maluia.

## DECISION

MORROW, *Chief Justice.*

During the course of the hearing undisputed evidence was introduced to the effect that Mulu had been convicted of the crime of assault with a deadly weapon for which he was fined $50.00 and sentenced to prison for six months. The record in the case which resulted in such sentence reveals that the charge against him was as follows:

"On the 9th day of August 1930, the defendant Mulu of Nuuuli, did assault Viena of Nuuuli with a deadly weapon to wit, a bush knife, and did maim and lacerate the left hand of Viena, contrary to Section 24 of the Codification of the Regulations and Orders for the Government of American Samoa."

Section 24 of the Codification upon which the charge was based reads as follows:

"In all cases of assault, with or without intent to kill, or injure, the person convicted shall be punished by a fine not exceeding $250.00, or imprisoned not more than five years, or both: provided, that when no deadly weapon is used and no serious damage done, the punishment in cases of assault, assault and battery, and affrays, shall not exceed a fine of $250.00, or imprisonment for not more than two months."

██ It appears from the commitment that the sentence was construed to be imprisonment at hard labor. Section 80 of the Codification, enacted April 4, 1914, provides that:

"No person who shall, after the enactment of this regulation, be convicted of and sentenced for murder, attempt to commit murder, rape, attempt to commit rape, burglarly [sic], robbery, larceny, embezzlement, false pretense, forgery, perjury, smuggling, selling intoxicating drink to natives, or infamous crime, or aiding or abetting therein, shall be eligible to hold any office or position of honor, trust, or profit under the Government of American Samoa, or be permitted to register a matai name; and a pardon granted such person shall not restore his eligibility to such office or position, or his right to register a matai name, unless it is expressly so provided."

██ In determing [sic] whether the conviction above referred to rendered Mulu ineligible to register a matai name it is necessary for us to determine whether or not the crime of which he was convicted was infamous. A crime is infamous if upon conviction therefor the wrongdoer may be subjected to an infamous punishment. *Ex parte Wilson*, 114 U.S. 417. In the course of his opinion in the case just cited Mr. Justice Gray said at p. 428:

"For more than a century, imprisonment at hard labor in the State prison or penitentiary or other state institution has been considered an infamous punishment in England and America."

It is not the punishment which is actually inflicted but that which may be imposed that determines whether or not the crime is infamous. Id. at p. 426. The doctrine of the Wilson case was later approved in *United States v. Moreland*, 258 U.S. 433. "The decision (as to whether a particular crime is infamous) turns not upon the punishment actually inflicted, but upon the punishment the court is authorized to impose." 16 *Corpus Juris* 60.

██ It was the practice in American Samoa long before the foregoing criminal case against Mulu was tried to construe the imprisonment authorized by Section 24 to mean imprisonment at hard labor. Section 54D(1) of the Codification enacted in 1939 which reads:

"Any able bodied made [sic] person confined in jail under a sentence of imprisonment for the violation of any law . . . may be

91

required to do hard labor during the whole or any part of the time of the sentence, unless the tribunal at the time of passing final judgment of imprisonment shall otherwise direct."

merely stated what had been understood to be the law and what in fact had long been the practice in connection with imprisonment for crime in American Samoa.

American Samoa does not have a penitentiary but its prison on the Island of Tutuila in which Mulu was confined serves the same purpose.

█ It is our opinion that the crime, namely an assault with a deadly weapon, for which Mulu was convicted and for which he was sentenced was an infamous one within the meaning of Section 80 of the Codification. We do not decide that every crime for which the wrongdoer may be sentenced to imprisonment at hard labor is infamous. But we do decide that an assault with a deadly weapon for which the wrongdoer may be fined not to exceed $250.00 and imprisoned at hard labor not more than five years is an infamous crime. We are limiting our decision to the facts of this case.

It follows from what we have said and from the provisions of Section 80 of the Codification above quoted that Mulu is not eligible to register a matai name. It was stated by counsel for Mulu that some matais in American Samoa had been convicted of crimes and were permitted to retain their matai titles. That may be true. It should be noted that Section 80 has no application whatsoever to taking away the name of a matai who may be convicted of crime. Section 79(7) of the Codification provides a means for the removal of an unfit matai if three fourths of the family so desire.

Mulu being ineligible to register a matai name, Akeimo is entitled to the name if he is eligible. The undisputed evidence shows that he meets the requirements of Section 81

of the Codification for the registration of a matai title. Consequently he is eligible.

■ Formerly the law was to the effect that the High Court in a matai name case should award the name to the candidate with the best hereditary right. However, in the fall of 1937 the Governor, upon the request of the Annual Fono, enacted Section 79, 4A of the Codification which reads:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality, and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

It is obvious that the 1937 enactment may be applied only when there are two eligible candidates for a matai name. Nevertheless, we shall discuss this case in the light of that enactment anyway. The court heard evidence as to the wish of the majority of the family. As is usual in the trial of matai name cases each candidate put in evidence a petition signed by the various members of the family who wished him to be the matai. There were 78 signers on Mulu's petition. On Akeimo's there were 242. There was conflicting evidence as to whether 147 names on Akeimo's petition were those of members of the Taufetee family. It is not necessary for us to consider such conflict of evidence. Conceding for the sake of argument that the 147 referred to were not members of the family there would be left of the 242, 95 who were. It would appear that a majority of the family wish Akeimo to hold the name Taufetee. He therefore, prevails over Mulu on the first issue.

In view of Mulu's conviction of and sentence for an infamous crime we think that Akeimo in view of the other evidence prevails over Mulu on the second issue, viz., forcefulness, character, personality and leadership.

On the issue of the best hereditary right Mulu would, if he were eligible, prevail over Akeimo. Mulu is the true son of Taufetee Mulu and the grandson of Taufetee Iona, while Akeimo is the great grandson of Taufetee Maluia and the great-great-great-grandson of Taufetee Leo'o.

It is not necessary for us to decide which candidate would be more valuable to the Government of American Samoa since Akeimo prevails over Mulu on the first two issues, which under the statute are to be given more weight by the court that [sic] the last two.

The Registrar of Matai Titles will be advised to register Akeimo as the Taufetee.

Costs in the sum of $25.00 are hereby assessed against Mulu, the same to be paid within 60 days.